McCrary, Circuit Judge
I will consider—first, the motion to dissolve the injunction. This is urged upon two grounds, to wit:
First—That the railroad company is, by its charter, possessed of the exclusive privilege of conducting the express business over and upon its own road; and
Second—That, even if this were not so, the express company has no right to carry on its business upon said road without the consent of the railroad company.
Does the charter of the respondent, railroad company, confer upon it the exclusive right to carry on the express business upon its own road? The answer to this question depends upon the construction of the sixth section of said charter, which provides as follows:
“The said company shall have the exclusive right of transportation or conveyance of persons, goods, merchandise or produce over said railroad by them to be constructed.”
This language must be construed in the light of the history of the construction of railroads in this country. When first introduced, they were regarded as improved highways only, subject to be used by the general public. It was thought that any person ought to have the right to place his vehicle upon the track of a railroad, and to transport his own freight upon it, upon paying toll for the use of the track, and it was considered necessary, in order to limit the use of the road and to give a par *21 ticular person or company the exclusive right to operate it, that such exclusive right should be expressly reserved by law. And it was for this purpose that clauses substantially like the one above quoted were inserted in very many of the earlier, and not a few of the. later, railroad charters. Experience very soon demonstrated that it was not practicable to apply to the system of railways all the principles that obtained in defining and regulating the rights of the public with respect to the common highway. Certain innovations were necessary. Certain exclusive privileges were inevitable in order to secure safety and celerity in the transportation of persons and property by the use of cars and steam engines. One of the first of these to be generally recognized was, the necessity that the operation of every railroad should be under the control of a single head. It was seen that the safety, not only of property, but of life as well, depended upon vesting in the owner of the track, or the company operating the road, the exclusive right to say what vehicles should be placed upon the track, or, in other words, the exclusive right of transportation and conveyance of persons and property over their tracks. An examination of the various railroad charters adopted by the various legislatures of the Union will show that this provision has been inserted in nearly all of them in one form or another. It was never intended to apply to or determine such a question as that now under consideration. It gives the railroad company the exclusive right to place cars on the track and operate them for the transportation of persons, goods, wares and merchandise. It gives no other or greater exclusive rights. It follows that the question, whether the railroad company has the exclusive right to carry on the express business upon its line, and the right to eject the complainant must be determined independently of this provision.
This brings us to the question, whether the express company may, as a matter of right, carry on its business upon the respondent’s road. Substantially, this question has recently been considered by several of the Courts of the United States, and it has been uniformly held that it is the duty of the Courts to maintain such right, by granting a preliminary injunction, at least until there can be a final hearing upon the merits. Such has been the ruling of Mr. Justice Harlan on the Circuit; of *22 Judge Baxter, of the Sixth Circuit, and of District Judges Key, Gresham, Treat, Hallett and Caldwell.
I am of the opinion that these decisions are sound in principle, as well as of great weight as authority. They will be followed, unless the Supreme Court shall otherwise decide. The guiding principles running through them all, and which should govern in determining the respective rights of the parties, are these:
First—A railroad company is a quasi public corporation, and bound by the laws regulating the powers and duties of common carriers of persons and property.
Second—It is the duty of such a company, as a public servant, to receive and carry goods for all persons alike, without injurious discrimination as to rates or terms.
Third—The business of expressage has grown into a public necessity. It is the means whereby articles of great value may be carried over long distances with certainty, safety and celerity, being placed in the hands of a special messenger, who is to have the charge and care of them en route. The railroad companies must, in common with the public, recognize the necessity for this mode of transportation, and must carry express packages, and a messenger in charge of them, for all express companies that apply, on the same terms, unless excused by the fact, that so many apply, that it is impossible to accommodate all—a state of things not likely to occur. If it be said that this is giving to the express companies privileges not afforded to other shippers, the answer is, that the nature of the express business makes special facilities for its transaction necessary; and the case is therefore properly exceptional.
Fourth—It is not necessary now to determine whether the respondent, railroad company, may, under its charter, engage in the express business, and undertake to carry and deliver packages beyond its line. It is enough for the present to say, that, if it possesses the right to engage in the business at all, it must do so upon terms of perfect equality with all other express companies ; and the Court will see that it does not take to itself any privileges in this regard that it does not extend to the complainant.
The motion to dissolve the injunction is overruled.
F. E. Whitfield and Glover & Sliepley, for complainant.
B. C. Brown and J. O. Broadhead, for respondent.
II.
What has been said virtually disposes of the questions raised by the supplemental bill. The railroad company is bound to carry for the express company for a reasonable compensation, and must not discriminate against it. A Court of Chancery has power to decree a compliance with this wholesome regulation. This Court cannot for a moment sanction the proposition that the railroad company may, by extortion or unjust discrimination, exclude the express company from the right to conduct its business upon the railroad. I am not prepared now to fix the maximum rates to be charged for the transportation of express matter; but I have no doubt of the power of the Court, after investigation, to do so. An order for this purpose should not, as a rule, be made until after a reference to a Master, and a report by him after a hearing.
For the present the injunction hereinbefore allowed will be modified so as to enjoin and restrain the respondent from charging the complainant for the transportation of express matter, including closed packages, more than a fair and reasonable rate, such charges in no case to exceed the rate charged on similar express matter to itself or to any other express company, or for similar express matter received from, or delivered to, the Iron Mountain and Southern Railroad Company’s Express, or the Pacific Express Company.
Ordered accordingly.